# Exhibit 1

IN THE COUNTY COURT IN AND FOR PALM BEACH COUNTY, FLORIDA

UNIFORM CASE NO: 502012SC021808XXXXMB
DIVISION: RL
DOCUMENT TRACKING NO: SM-12-143498

JOHN PINSON

          PLAINTIFF(S)
-VS-
ZWICKER & ASSOCIATES P.C.

          DEFENDANT(S)

## NOTICE TO APPEAR
## FOR PRE-TRIAL CONFERENCE/MEDIATION

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

**ZWICKER & ASSOCIATES P.C.**

**ALTERNATE ADDRESS:**

SERVE TO: CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD
PLANTATION, FL 33324

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the Palm Beach County Courthouse in Courtroom #6A, located at 205 N DIXIE HWY WEST PALM BEACH, FL 33401, on 22-MAR-2013, at 09:00 AM, for a PRETRIAL CONFERENCE before a Judge of this court.

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and may withhold judgment or execution or levy.

**RIGHT TO VENUE.** The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A

proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above named person.

"IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION IN ORDER TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT DOMINIQUE MARCH, ADA COORDINATOR IN THE ADMINISTRATIVE OFFICE OF THE COURT, PALM BEACH COUNTY COURTHOUSE, 205 NORTH DIXIE HIGHWAY, ROOM 5.2500, WEST PALM BEACH, FLORIDA 33401; TELEPHONE NUMBER (561) 355-4380 WITHIN TWO (2) WORKING DAYS OF YOUR RECEIPT OF THIS SUMMONS; IF YOU ARE HEARING OR VOICE IMPAIRED, CALL 1-800-955-8771".

DATED: 05-DEC-2012

Sharon R. Bock,
Clerk & Comptroller

BY: CHANTEL THOMAS
DEPUTY CLERK

CC:
JOHN PINSON, 526 WESTWOOD RD, WEST PALM BEACH, FL 33401

EN EL TRIBUNAL DEL CONDADO, EN Y DEL CONDADO DE PALM BEACH, FLORIDA

CAUSA NO: 2012SC021808
DIVISION: -RL
NUMERO DE SEGUIMIENTO DEL DOCUMENTO: SM-12-143498

JOHN PINSON

DEMANDANTE(S),

vs.
ZWICKER & ASSOCIATES P.C.

DEMANDADO(S)

## NOTICIA PARA COMPARECER
## A CONFERENCIA PREVIA AL JUICIO/MEDIACION

ESTADO DE LA FLORIDA - NOTIFICACIÓN A LOS DEMANDANTES Y A LOS DEMANDADOS

ZWICKER & ASSOCIATES P.C.

SERVE TO: CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD
PLANTATION, FL 33324

DIRECCION ADICIONAL:

SE LE AVISA POR ESTE MEDIO que usted deberá comparecer personalmente o representado por un abogado en la Sala 6A del Tribual del Condado de Palm Beach, ubicado en 205 N DIXIE HWY WEST PALM BEACH, FL 33401, el día 22-MAR-2013, a las 09:00 AM, para una CONFERENCIA PREVIA AL JUICIO.

### IMPORTANTE – LEA CUIDADOSAMENTE

**ESTE CASO NO SERA JUZGADO DURANTE LA CONFERENCIA PREVIA AL JUICIO, PERO PUEDE TRATAR DE RESOLVERSE POR MEDIO DE MEDIACION ESE DIA.**

**NO TRAIGA TESTIGOS. USTED TIENE QUE COMPARECER PERSONALMENTE O SER REPRESENTADO POR UN ABOGADO.**

**LA PERSONA QUE COMPAREZCA EN REPRESENTACION DE UNA DE LAS PARTES, DEBE TENER AUTORIDAD TOTAL PARA NEGOCIAR TODAS LAS CANTIDADES, DESDE UN VALOR DE CERO, HASTA EL MONTO TOTAL DE LA DEMANDA, SIN TENER QUE HACER CONSULTA ALGUNA. EL INCUMPLIMIENTO A LO ESTABLECIDO PUEDE RESULTAR EN LA IMPOSICION DE SANCIONES, INCLUYENDO COSTOS, HONORARIOS DE ABOGADOS, IMPOSICION DE UNA DECISION JUDICIAL O RECHAZO DE LA DEMANDA.**

El demandado(s) deberá(n) comparecer ante el Tribunal en la fecha indicada en la orden para evitar una decisión judicial por no comparecer. El(los) demandante(s) deben comparecer para evitar que su caso sea rechazado por insuficiencia de enjuiciamiento. Una MOCION por escrito o una CONTESTACION presentada al Tribunal por parte del demandado(s) o demandante(s), no es excusa para que una de las partes o su abogado no comparezca en persona a la CONFERENCIA PREVIA AL JUICIO/MEDIACION. La fecha y la hora de la CONFERENCIA PREVIA AL JUICIO/MEDIACION, NO PUEDE SER reprogramada sin buena causa y deberá tener aprobación previa del Tribunal.

Una corporación puede ser representada durante cualquiera etapa del proceso judicial del tribunal, por un representante de la corporación o por cualquier empleado con autorización escrita del representante de la

corporación. La autorización escrita deberá ser llevada a la Conferencia Previa al Juicio/mediación.

El objetivo de la Conferencia previa al Juicio/mediación es el de registrar su comparecencia, para determinar si usted admite toda o parte de la demanda, para así capacitar al Tribunal para que determine la naturaleza de la demanda y para que establezca si su caso será llevado a juicio en caso de que no sea resuelto en la Conferencia Previa al Juicio. Usted o su abogado deberán estar preparados para consultar con el Tribunal y explicar brevemente la naturaleza de su desacuerdo, indicar qué pasos se han tomado para llegar a un acuerdo, presentar los documentos necesarios para probar la demanda, indicar los nombres y direcciones de sus testigos, estipular a los hechos que no requieran prueba y que agilicen el juicio, y estimar cuánto tiempo tomará resolver el caso.

Si usted admite el reclamo, pero desea tiempo adicional para pagar, usted tiene que venir y explicar las circunstancias. El Tribunal podrá o no aprobar un plan de pago y podrá abstenerse de emitir una orden judicial de ejecución o embargo.

DERECHO PARA DETERMINAR EN DONDE DEBERA PRESENTARSE SU CASO. La ley le concede el derecho a la persona o a la compañía que ha sido demandada(o), de presentarse en alguno de los lugares indicados a continuación. Sin embargo, si usted ha sido demandado en algún lugar diferente a los indicados, usted como demandado tiene el derecho de solicitar que su caso sea trasladado al lugar correcto. El lugar apropiado puede ser uno de los siguientes: (1) el lugar en donde el contrato fue ejecutado, (2) si la demanda se origina por nota de pago no asegurada, es en el lugar en donde la nota se originó, o donde vive el otorgante, (3) si la demanda es para recuperar una propiedad o por un remate, el lugar será en donde está ubicada la propiedad, (4) en el lugar en donde ocurrió el evento que dio origen al desacuerdo, (5) en el lugar donde vive uno a varios de los demandados, (6) en cualquier lugar acordado por contrato, (7) en el lugar en donde debe realizarse el pago, cuando se trata de un desacuerdo por dineros adeudados.

Si usted como demandado(s) cree que el demandante(s) no lo ha demandado en el lugar apropiado, usted deberá comparecer ante el Tribunal en la fecha indicada y verbalmente solicitar que se le transfiera el caso o tendrá que registrar una solicitud escrita para la transferencia del caso en forma de affidávit (hecho bajo juramento), dentro de los (7) días anteriores a su primera comparecencia y enviar copia de este documento al demandante(s) o al abogado del demandante(s), si lo hay.

Una copia de la demanda deberá ser entregada oficialmente con esta citación.

" SI USTED ES UNA PERSONA INCAPACITADA, QUE NECESITA AYUDA PARA PODER PARTICIPAR EN ESTE PROCEDIMIENTO, USTED TIENE DERECHO, SIN COSTO ALGUNO, A RECIBIR CIERTA AYUDA. POR FAVOR PÓNGASE EN CONTACTO CON DOMINIQUE MARCH, COORDINADOR DE ADA (AYUDA PARA INCAPACITADOS) EN LA OFICINA DE ADMINISTRACIÓN DEL TRIBUNAL DEL CONDADO DE PALM BEACH, 205 NORTH DIXIE HIGHWAY, SALA 5.2500, WEST PALM BEACH, FLORIDA 33401; NÚMERO DE TELÉFONO (561) 355-4380 DURANTE LOS DOS DÍAS DESPUÉS DE QUE USTED HA RECIBIDO ESTA CITACIÓN. SI USTED TIENE UNA INCAPACIDAD DE AUDICIÓN O DE HABLA, LLAME AL 1-800-955-8771"

FECHADO EN EL CONDADO DE PALM BEACH, FLORIDA, 05-DEC-2012

Sharon R. Bock
Secretaria & Auditora

NAN TRIBINAL KI REGLE TI ZAFE NAN E POU KOMIN PALM BEACH, FLORID

NIMERO KA: 2012SC021808-
DIVISYON: RL
NIMERO POU JWEN KA-A SM-12-143498

JOHN PINSON

    DEMANDAN,

VS

ZWICKER & ASSOCIATES P.C.

    DAFANDAN.

### AVETISMAN POU PRESANTE W
### POU YON KONFERANS /MEDIASYON AVAN JIJMAN

ETA FLORID LA - AVETISMAN POU DEMANDAN (YO) AVEK DEFANDAN (YO).

**ZWICKER & ASSOCIATES P.C.**

SERVE TO: CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD
PLANTATION, FL 33324

YO AVETI- W KE OU DWE PARET AN PESONN OSWA PA YON AVOKA NAN TRIBINAL KOMINN PALM BEACH LA NAN SAL 6A NAN ADDRESS SA 205 N DIXIE HWY WEST PALM BEACH, FL 33401, A 22-MAR-2013, NAN 09:00 AM, POU YON KONFEARANS.

### INPÓTAN - LI AVEK ATENSYON.

**KA SAA PAP JIJE PANDAN KONFERANS AVAN JIJMAN AN, MEN NOU KA ESEYE REZOUD KA A NAN MEDIASYON JOU SA A.**

**PA MENEN TEMWEN OU DWE PRESANTE TET OU OSWA YON AVOKA KAPAB PARET POU OU.**

**MOUN KI PARET POU REPRESANTE PATI A DWE GEN TOUT OTORITE POU L NEGOSYE MONTAN AN KOMANSE A ZERO POU RIVE A MONTAN TOTAL DEMAND LA SAN LI PA OBLIJE KONSILTE AK LOT MOUN. SI OU DESOBYI AK REG SA A SA KA PEMET YO PRAN SANKSYON KONT OU. SA KA INKLI FRE, FRE AVOKA, SANKSYON FINANSYEL JIRIDIK. OSWA ANILE DEMAND LA.**

Defandan(yo) dwe presante nan tribinal la nan dat yo bali ki nan lod la poul ka evite yon sanksyon jiridik finansyel deske li pat paret. Demandan (yo) dwe paret nan tribinal pou yo pa kite ka a tonbe. Paske pa t gen ase reclamasyon. Menm si demandan an oswa defandan an ta fe tribinal la yon demand a lekrit sa pap eskise presans nou ni presans avoka a nan konferans/mediasyon anvan jijman . Ni dat ni le konferans avan jijman an pa ka ranvvoiye san yon bon rezon ak san tribinal la pat aproure li davans.

Yon Koporasyon ka pab represante pa yon ofisyel ki nan koporasyon nan tout etap pwose a nan tribinal la ,oswa yon ofisyel koporasyon an ka pab otorize youn nan anplwaye l yo a lekrit pou represante l. yo dwe pote otorizasyon a lekrit sa a nan konferans/mediasyon anvan jijman. Rezon pou konferans avan jijman an se pou yo sa montre ke w te paret , pou fe

konnèn si ke ou

Admet tout oswa yon pati nan reklamasyon an, pou sa pemet tribinal la deside ki jan de ka ke li ye, e pou yo ka plase ka a pou jijman si ka a pa ka rezoud nan konferans avan jijman an. Oumenm oswa avoka w la dwe prepare n pou yon konferans ak tribinal la e poun eksplike tou kout ki jan de dispit ke ou gen yen an, eksplike ki ef☐ ki te fet pou rezoud ka a, montre kinpot dokiman neses☐ pou pwouve ka a, bay non ak address temwen w yo, dak☐ ak s☐tin f☐ ki ki pap beswen prev e kap fe jijman an ale pli vit, e etime konbyen tan sa ap pran pou jije ka a.

Si ou aksepte reklamasyon an, e ou beswen plis tan pou peye, se pou vinn di yo rezon an. Tribinal la ka pemet oswo pa aksepte ke ou fe yon plan pou peye, li ka mete yon sanksyon Finansyel jiridik oswa yon anbago.

**Dwa pou detemine ki kote pou presante ka w la. Lwa a bay moun nan oswa konpany ki asiyen w la dwa pou li presante li nan ninpot nan kote ki make sou papye a. Men si yo te asiyen w lot kote apa de kote ki make sou papye a, oumenm kom defanndan gen dwa Mande pou yo voye ka a nan kote ki korek la. Kote apwopriye a ka nan youn nan kote suivan sa yo: (1) kote kontra a te fet la, (2) si asiniasyon an se te yon biye ak yon pwomes san bon garanti, kote biye a te signyen oswa kote moun ki te fe biye a rete. (3) si demand la se pou rekipere pwopriyete a oswa pou poze sele sou pwopriyete a ;(4) kote evenman an te rive ki koz asiniasyon an ; (5) kote youn ou plis nan moun yo asiyin a rete ; (6) Kelke swa kote ki te dako nan kontra a ; (7) nan yon aksyon kote gen lajan ki dwe, si pa gen yon ak☐ nan ki kote pou demand la fet, kote pou peyman an fet.**

**Si oumenm defandan an (yo) pa kwe ke demandan an te asiyen nan youn nan kote sa yo se pou paret nan tribinal la dat yo ba w la pou mande pou yo transfere ka a, oswa ou ka ekri yon demand nan yon f☐m atestasyon (deklarasyon ekri sou seman) ak tribinal la 7 jou avan premie randevou tribinal la e voye yon kopi bay demandan (yo) an oswa avoka demandan (yo) si gen yen.**

**Yon kopi asiniasyon an fet pou ofisyelman akonpanye konvokasyon an.**

"Si ou se yon moun ki gen yon sot de andikape kap beswen sevis espesyal pou ka Patisipe nan pwose sa a, ou gen dwa sa a, li pap koute w ayen pou resevwa s☐ten ed. Tanpri pran kontak ak Dominique March koodinate pou ADA (Ed pou andikape) Ki nan ofis administrasyon tribinal kominn nan ki nan Palm Beach la, 205 North Dixie Highway, shamb 5.2500, West Palm Beach, Florida 33401 ; Nimero Telefonn (561) 355- 4380 . L☐ ou resevwa konvokasyon a, Rele pa pli ta ke de (2) jou de travay Si ou gen anpechman pou tande oswa pou pale, rele 1-899-955-8771".

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

| | |
|---|---|
| JOHN PINSON ) | CIVIL DIVISION |
| Plaintiff, ) | CASE NO: 502012SC 021808XXXXMB RL |
| v. ) | Judge |
| ZWICKER & ASSOCIATES, P.C. ) | **COPY** |
| Defendant ) | COUNTY CIVIL DIVISION |
| ) | DEC - 5 2012 |
| | SHARON R. BOCK |
| | CLERK & COMPTROLLER |
| | Palm Beach County |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, John Pinson, individually, hereby sues Defendant: ZWICKER & ASSOCIATES, P.C., and alleges:

## PRELIMINARY STATEMENT

1

This action for damages arises out of defendant's violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681et seq.; for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et sec; and, for violations of the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec.

## JURISDICTION

2

Jurisdiction of this Court arises under 28 U.S.C § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1681et sec ("FCRA"), 15 U.S.C. § 1692 et sec ("FDCPA"), , and pursuant to Fla. Stat. § 559 et sec ("FCCPA"), and pursuant to Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3

All conditions precedent to the bringing of this action have been performed.

## PARTIES

4

The Plaintiff in this lawsuit is John Pinson, a natural person, who resides in Palm Beach County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), 15 U.S.C. § 1681a(c), and Fla. Stat. § 559.55(2).

5

Defendant, ZWICKER & ASSOCIATES, P.C., (hereinafter "Defendant ZWICKER") is a collection agency operating from an address of 80 Minuteman Road, Andover, Massachusetts 01810-1008, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is considered a "person" as defined by 15 U.S.C. § 1681a(b) and a "furnisher of information" pursuant to 15 U.S.C. § 1681 et sec of the FCRA.

6

Defendant regularly collects or attempts to collect debts from other parties.

7

Defendant is a "debt collector" as defined in the FDCPA.

8

At all times material to the allegations of this Complaint, Defendant was acting as debt collector with respect to collection of Plaintiff's alleged debt.

## VENUE

9

Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

10

The occurrences which give rise to this action occurred in Palm Beach County, Florida and Plaintiff resides in Palm Beach County, Florida.

11

Venue is proper in the county court of the fifteenth judicial circuit in and for Palm Beach County, Florida.

12

This is an action for damages under $5,000.00.

## FACTUAL ALLEGATIONS

13

Defendant has damaged Plaintiff's Credit Reports, Credit Scores, and has committed Defamation of Character, per se' against Plaintiff.

14

The Defendant is a 3rd Party Debt Collector located in the United States of America, in Massachusetts and Florida, as such is governed under the law by the Fair Debt Collection Practices Act 15 U.S.C. §1601, et seq. The Defendant is also a credit lender and as such governed under the law by The Fair Credit Reporting Act 15 U.S.C. §1681, et seq. and also reports these accounts to the national credit reporting agencies i.e. TransUnion, Equifax, and Experian.

15

The State of Florida abides by and adheres to these laws. Specifically the Fair Credit Reporting Act 15 U.S.C. § 1681, et seq. and FDCPA 15 U.S.C. §1692, et sec. and also the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec., and as such the Defendant is governed under these laws.

16

The Plaintiff denies ever having any contractual relationship with the Defendant.

17

Even if the Plaintiff did have such an agreement, which the Plaintiff denies, alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendant in an attempt to collect, and credit reporting of the alleged debt, violated rights of the Plaintiff and the laws as outlined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1601, et seq. and the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., and the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec.

18

Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

19

Discovery of FCRA violations brought forth herein by Plaintiff occurred on or after July 2011 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

20

Plaintiff found Defendant reported erroneous and inaccurate information about Plaintiff to Experian.

21

Plaintiff found Defendant reported erroneous and inaccurate information about Plaintiff to TransUnion.

22

Plaintiff found after examination of his Experian consumer credit report that Defendant had obtained Plaintiff's Experian consumer credit report on August 12, 2008 without permissible purpose.

23

Plaintiff found after examination of his TransUnion consumer credit report that Defendant had obtained Plaintiff's TransUnion consumer credit report on August 12, 2008 without permissible purpose.

24

As a result of FCRA violations by Defendant Plaintiff suffered a lower credit score and higher insurance rates.

25

Defendant had no permissible purpose to obtain Plaintiff's credit report in August 12, 2008.

26

Plaintiff disputed information with Credit Reporting Agencies.

27

On December 19, 2011 Plaintiff received a dunning letter from Defendant ZWICKER.

28

Defendants used false representation to collect or attempt to collect a debt.

29

On December 23, 2011 Plaintiff mailed Defendant ZWICKER a debt validation request pursuant to 15 U.S.C..§ 1692g Sec. 809 (b) via US Certified Mail #7099 2250 0003 5892 5083 Return Receipt Requested.

30

As of December 5, 2012 Plaintiff has never received Validation, sufficient to meet requirements of FDCPA 15 U.S.C. § 1692g Sec. 809 (b), from Defendant ZWICKER.

31

Plaintiff has reason to believe and does believe that many of these practices, and violations of law, are widespread for the Defendant.

## COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS: ZWICKER & ASSOCIATES, P.C.

32

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

33

Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

34

TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

35

Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

36

The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

37

Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

38

Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant.

39

On August 12, 2008 Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

40

Plaintiff sent a notice to Defendant of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff received no reply to said notice sent to Defendant.

41

At no time did Plaintiff give his consent for Defendant to acquire his consumer credit report from any credit reporting agency.

42

The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful and/or negligent violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

43

At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

44

**WHEREFORE**, Plaintiff demands judgment for damages against ZWICKER & ASSOCIATES, P.C., for statutory damages of $1000.00 and/or actual damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

## COUNT II

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681,

WILLFUL AND/OR NEGLIGENT NON-COMPLIANCE BY
DEFENDANTS: ZWICKER & ASSOCIATES, P.C.

45

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

46

Paragraphs 32 through 38 are re-alleged as though fully set forth herein.

47

On August 12, 2008 Defendant(s) obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

48

Paragraphs 40 through 43 are re-alleged as though fully set forth herein.

49

**WHEREFORE**, Plaintiff demands judgment for damages against ZWICKER & ASSOCIATES, P.C., for statutory damages of $1000.00 and/or actual damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

## COUNT III

VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692
BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

50

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

51

Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

52

Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

53

Defendant violated the FDCPA 15 U.S.C. §1692. Defendant violations include, but are not limited to, the following:

   a. § 1692 c(B) With anyone except consumer, consumer's attorney, or credit bureau concerning the debt.
   b. § 1692 c(C) After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication.
   c. § 1692 d Any conduct the natural consequence of which is to harass, oppress, or abuse any person.
   d. § 1692 e(2) Character, amount, or legal status of the alleged debt.
   e. § 1692 e(5) Threaten to take any action that cannot legally be taken or that is not intended to be taken.
   f. § 1692 e(8) Threatens or communicates false credit information.
   g. § 1692 e(10) Any false representation or deceptive means to collect a debt or obtain information about a consumer.
   h. § 1692 e(11) Communication fail to contain the mini-Miranda warning: "This is an attempt to collect a debt… communication is from a debt collector."
   i. § 1692 f(1) Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.
   j. § 1692 g(B) Collector must cease collection efforts until debt is validated.

54

THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

55

The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates it's provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

56

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant: ZWICKER & ASSOCIATES, P.C., for statutory damages of $1,000.00, and actual damages, as well as attorney's fees and costs, pursuant to 15 U.S.C. §1692k(a)(1); 15 U.S.C. §1692k(a)(2)(A); 15 U.S.C. §1692k(a)(3) and Fed.R.Civ.P. 54(d).

## COUNT IV

VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.72 BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

57

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

58

Plaintiff is a consumer within the meaning of §559.55(2).

59

Defendant is a debt collectors within the meaning of §559.55(6).

60

Defendant violated the FCCPA. Defendant violations include, but are not limited to, the following: Defendant violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

61

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant: ZWICKER & ASSOCIATES, P.C. for actual damages, statutory damages, punitive damages, equitable relief as the court deems necessary or proper, and attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

## DEMAND FOR TRIAL BY JURY

62

Plaintiff is entitled to and hereby respectfully demands a trial by jury of all issues so triable as a matter of law. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

# PRAYER FOR RELIEF

63

WHEREFORE, the Defendant has violated the Fair Debt Collection Practices Act, The Fair Credit Reporting Act, and the Florida Consumer Collection Practices Act; and, Plaintiff prays that judgment favorable to Plaintiff be entered against the Defendant in this action.

Dated: December 5, 2012

Respectfully Submitted,

John Pinson

526 Westwood Road

West Palm Beach, Florida 33401

561-329-2524

john@pinson.com

**Service to:**

ZWICKER & ASSOCIATES, P.C.

80 Minuteman Road

Andover, Massachusetts 01810-1008

**Registered Agent for Service of Process:**

CT CORPORATION SYSTEM

1200 South Pine Island Road

Plantation, FL 33324